Catron, J.
delivered the opinion of the court.
Edwards, in 1826, was the owner of forty eight acres ^an& holden by grant. Adjoining to it there was vacant land. Batts resided near the granted land of Edwards. On the 23d day of January, 1827, Batts_had an occupant claim surveyed, including the vacant land up to , Edwards’ line. On the 29th day of January, 1827, Edwards entered thirty one acres, as a preference, by way of enlargement of his forty acre tract. This thirty one - acres included the possession of Batts. No warrant has been applied to the survey or entry.
1. The land belonged then, and yet belongs to the United States: no right existed in either party. Any contract, as to the extent of the possession, by fixing conditional lines, cannot be recognized by this court; because it was a contract to commit a trespass on the public land; of course illegal and void, if made with any other view than that of appropriating a warrant to the land.
2. The right of possession cannot here be enquired into. The Legislature of Tennessee has no power to communicate any right of possession to the lands of the United States, within her limits, nor has she assumed such power. To keep down strife amongst her citizens, residing upon the lands of the United States, she has provided, that when one man turns another out of actual possession, or holds him out, he may be restored by the writ 6f forcible entry, and this of course without regard to the right of soil.
Here Edwards has proceeded upon the ground that his entry gave him the right of possession to the thirty one acres. He never had actual possession of it. The entry having vested no right, the law afforded no remedy.
3. We think the circuit court acted correctly, in refusing to dismiss the certiorari. Merits are set forth on the part of Batts, the defendant below. His whole case is shown: the plaintiff’s claim to the possession is not *443 stated. He had none, and a verdict was rendered for him before the Justices, through a misapprehension of the provisions of our statutes. The case of Lane vs. Marshall, (Mar. and Yer. 258,) settled the point, that •merits alone, on the part of a petitioner, need be stated, to authorize the circuit court to issue the writ and rehear the cause.
Judgment affirmed.